**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Ned James,

    *Petitioner,*

v.

Catherine Larry, Warden

    *Respondent.*

No. 25 CV 12075

Judge Lindsay C. Jenkins

**MEMORANDUM OPINION AND ORDER**

Petitioner Ned James brings this habeas corpus action pursuant to 28 U.S.C § 2254 challenging his 2011 conviction in the Circuit Court of Cook County for home invasion and armed robbery. Respondent moves to dismiss the petition as time barred. For the reasons discussed below, the motion is granted.

## I.    Background

Following his 2011 conviction, James was sentenced to a 90 year prison term. [Dkt. 9 at 1; Dkt. 11-1 at 1.] His conviction was affirmed on appeal. [Dkt. 11-1.] James filed a petition for leave to appeal before the Illinois Supreme Court, which was denied on March 21, 2018. *People v. James*, 95 N.E.3d 486 (Ill. Mar. 21, 2018).

On June 19, 2018, James filed a post-conviction petition in state court and the trial court dismissed the petition in an order dated August 6, 2018. [Dkt. 11-4.] James did not file a notice of appeal until December 2018, which the appellate court dismissed as untimely in 2020. [Dkt. 11-5.]

In the years that followed, James filed a series of unsuccessful motions before the state trial court and the court of appeals seeking post-conviction and/or state habeas relief. All of those motions were denied. [See Dkts. 11-6; 11-7; 11-8; 11-10.]

On September 30, 2025, James filed his Section 2254 habeas petition in this court, raising ten claims for relief. [Dkt. 1, 9.]

## II.    Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996, a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); see also *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The one-year limitation runs from the latest of four possible dates: (A) the date on which the judgment of conviction became final; (B) the removal of a state-created unconstitutional impediment that prevented the applicant from filing the petition; (C) the date on which the

constitutional right asserted was initially recognized by the Supreme Court if the right is retroactive on collateral review; or (D) the date of uncovering previously undiscoverable evidence upon which the habeas claim is predicated. § 2244(d)(1)(A)– (D). The limitation period is tolled for the pendency of a "properly filed application for State post-conviction or collateral review." § 2244(d)(2). The statute of limitations "serves the well-recognized interest in the finality of state court judgments," and reduces "the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker*, 533 U.S. 167, 179 (2001).

In this case, the limitations period commenced under § 2244(d)(1)(A), that is, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*; *Mayle v. Felix*, 545 U.S. 644, 662 (2005) (limitations period is "ordinarily" calculated under subsection (A) of § 2244(d)(1)). Respondent explains, and James does not dispute, that the judgment became final on June 19, 2018, at the expiration of the 90-day period for filing a petition for certiorari. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (judgment becomes final when time for filing certiorari petition expires); Sup. Ct. R. 13 (providing ninety days to file certiorari petition).

James filed a postconviction petition on June 19, 2018, so the limitations period tolled through August 6, 2018, the date that the state trial court dismissed his postconviction petition. *See* § 2244(d)(2) (limitations period is tolled while "a properly filed application for State post-conviction or other collateral review" is pending); *Lawrence*, 549 U.S. at 331. At that point, James had one year, or until August 6, 2019, to file his habeas petition. He did not file it until September 30, 2025, approximately six years later.[1]

Because James does not dispute that he filed his petition outside of the one-year period, the court turns to his arguments that compliance with the limitations period is excused based on equitable tolling. See *Holland v. Florida*, 560 U.S. 631 (2010). To take advantage of equitable tolling, James must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014); see also *Carpenter v. Douma*, 840 F.3d 867, 872 (7th Cir. 2016).

---

[1]    James does not dispute that he is not entitled to statutory tolling for his other state-court filings. His December 2018 notice of appeal from the state court's order dismissing his postconviction petition was denied as untimely, *see* dkt. 11-5, so the notice of appeal was not "a properly filed" application. § 2244(d)(2) (limitations period is tolled while "a properly filed application for State post-conviction or other collateral review" is pending). His other 2018 filings, a successive postconviction petition in September 2018 and a motion to reduce his sentence in October 2018, were both denied so they also do not stop the clock. *Martinez v. Jones*, 556 F.3d 637, 638–39 (7th Cir. 2009) (a motion for leave to file a successive postconviction petition does not stop the clock unless leave to file is granted).

The "diligence required for equitable tolling purposes is reasonable diligence ... not maximum feasible diligence." *Holland*, 560 U.S. at 653. But "mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required." *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018). The "extraordinary-circumstance prong is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond his control." *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (cleaned up). At bottom, "equitable tolling is a remedy reserved for the exceptional case and is therefore rarely granted." *Conner v. Reagle*, 82 F.4th 542, 550 (7th Cir. 2023).

To make this showing, James points to a history of mental illness. [Dkt. 15 at 1.] A habeas corpus petitioner's mental incompetence can satisfy the standard for equitable tolling. *Davis v. Humphreys*, 747 F.3d 497, 499 (7th Cir. 2014); *Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020) (collecting cases). A petitioner must show, however, that a mental disease or disorder prevented him "from managing his affairs and thus from understanding his legal rights and acting upon them." *Obriecht v. Foster*, 727 F.3d 744, 750-751 (7th Cir. 2013); *Carpenter*, 840 F.3d at 870.

In *Davis*, the Seventh Circuit concluded that a petitioner who could understand the charges against him and assist his counsel did not meet this standard. *Davis*, 747 F.3d at 500. In *Conroy v. Thompson*, the Court explained that mental incompetency may constitute an extraordinary circumstance sufficient to apply equitable tolling "only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." 929 F.3d 818, 820 (7th Cir. 2019) ("this means that the petitioner must provide evidence establishing that his mental issues actually impaired his ability to pursue his claims throughout the limitations period.") (emphasis in original).

James has not shown that he meets the standard for equitable tolling. As an initial matter, the court takes judicial notice of three *pro se* civil rights lawsuits James filed in the Central District of Illinois during or near the relevant timeframe. *See James v. Higgerson, et al.*, Case No. 1:18-cv-1342 (C.D. Ill. 2018) (filed on Sept. 20, 2018; closed Nov. 18, 2020); *James v. Hinton*, Case No. 1:18-cv-1234 (C.D. Ill. 2019) (filed on June 26, 2018; closed Aug. 23, 2021); *James v. Horn*, Case No. 1:19-cv-1369 (C.D. Ill. 2019) (filed on Nov. 18, 2019; closed Dec. 21, 2022).[2]

James submitted numerous *pro se* filings in each of these cases, all of which show a basic understanding of legal proceedings. Despite this ability to litigate, he took no action to file his habeas petition after his post-conviction petition was denied on August 6, 2018, but before the limitations period expired a year later.

Other state court filings Respondent points to also demonstrate the same ability to litigate. For example, during the limitations period, James filed several post-conviction motions in state court: in September 2018, he filed a motion for leave

---

[2]     The court notes that each of these cases reflect the same inmate number, K91930, as the one James lists on his habeas petition in this case.

to file a successive post-conviction petition, *see* dkt. 11-7 at 3, and in October 2018, he filed a motion to reduce his sentence. [Dkt. 11-9.]

Even after the limitations period ran in August 2019, James continued to file documents in cases, both in district court (including in this district) and in the years before he filed his habeas petition in this case in September 2025. For example, in November 2023, James filed a post-conviction petition "due to newly discovered evidence." [Dkt. 11-8.] And on two dates in 2024, he filed petitions seeking habeas relief in state court. [Dkt. 11-10.] These events show a "capacity to engage in the legal process" despite any mental illness, so he has not shown "extraordinary circumstances" that would justify equitable tolling. *Conroy*, 929 F.3d at 821; see also *Moreland v. Eplett*, 18 F.4th 261, 271-272 (7th Cir. 2021).

In the interest of completeness, the court addresses arguments James raises in his opposition brief and reply, and in his sworn statement. In those filings, James focuses primarily on events that occurred in or around 2011, during which he experienced severe trauma caused by state actors that impacted his executive function, memory and capacity to act. [Dkt. 15 at 1-2.] In his sworn statement James explains that in 2011, he was beaten by the arresting officers and that he relayed to others his suicidal ideations and lack of access, but this information was ignored. [Dkt. 15 at 5.] He describes other errors and omissions that occurred during his trial, including mistakes made by his lawyer and the trial court. [*Id*.] But as Respondent observes, James was evaluated for competency twice before trial, and both times, a psychiatrist found him competent to stand trial, as did the trial court. [Dkts. 16-1, 16-2 and 16-3.]

The medical records James attaches to his opposition brief from February 2019 describe a history of Antisocial Personality Disorder, anxiety and bipolar disorder. [Dkt. 15 at 17-42.] But James does not explain how the diagnoses impacted his ability to understand the underlying legal proceedings or pursue his habeas petition, particularly in light of the continued capacity to litigate as discussed above. Nor has he offered evidence concerning the severity of these conditions or how they impacted his ability to file his petition within the limitations period, that is, between August 6, 2018 and August 6, 2019. See *Moreland*, 18 F.4th at 270 (petitioner was not entitled to equitable tolling where he did not explain how schizophrenia or lockdowns prevented him from filing his petition on time).

This lack of detail weighs against finding extraordinary circumstances. The records reflect that as of February 2019, James was taking his medication, was "cooperative and fully engaged," reported "good energy levels, good sleep/wake cycle," and denied "feelings of hopelessness or helplessness." [Dkt. 116 at 17, 26.] This all suggests that at least at that point, his mental health would not have prevented him from managing his affairs.

James also does not explain what, if any, reasonable steps he took to pursue habeas proceedings. He has not shown, for example, that he began working on his habeas petition shortly after he discovered that the deadline to file had passed.

4

"Reasonable diligence requires that [petitioner] prove he diligently tried to protect his rights over time, not just at some points near the end of the limitations period." *Moreland*, 18 F.4th at 271. Here, it is not evident that James exerted reasonable diligence to pursue his rights, for example, through the filing of his petition on the day, or even soon after, the deadline expired. James filed his petition six years later. And he points to virtually no evidence of what he was doing to preserve his rights as the clock ran. To warrant equitable tolling, James must demonstrate that he was reasonably diligent throughout the limitations period including up until he finally filed his untimely habeas petition in 2025. The evidence he supplies simply is not sufficient to show the exercise of reasonable diligence in pursuit of his rights.

James has failed to show that he diligently pursued his rights and that extraordinary circumstances, including a mental health condition, prevented him from timely filing his petition. As a result, the habeas corpus petition is dismissed as untimely and the court need not address the merits of his claims.

### III.    Certificate of Appealability and Notice of Appeal Rights

This court's denial of James's petition is a final decision ending the case. He may appeal only if he obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). This court declines to issue a certificate of appealability because James does not make a substantial showing of the denial of a constitutional right, *see* § 2253(c)(2), and reasonable jurists would not debate, much less disagree with, this court's resolution of his petition. *See Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008). If James wishes to appeal, he must request a certificate of appealability from the Court of Appeals pursuant to Fed. R. App. P. 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.

James must file a notice of appeal in this Court within 30 days after judgment is entered. Fed. R. App. P. 4(a)(1). He need not bring a motion to reconsider this decision to preserve his appellate right, but if he wishes the court to reconsider its judgment, he may file a motion under Federal of Civil Procedure 59(e) or 60(b). A Rule 59(e) motion must be filed within 28 days of entry of judgment and suspends the deadline for filing an appeal until the motion is ruled on. *See* Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the motion is ruled on only if the motion is filed within 28 days of the judgment. Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

## IV.   Conclusion

James's habeas petition is dismissed as untimely. The court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Final judgment shall enter in favor of Respondent and against Petitioner James.

Enter: 25-cv-12075
Date:  March 4, 2026

_____
Lindsay C. Jenkins

6